UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON RIVERA, | No. 2:19-cv-0622 WBS CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WALBURN, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff is proceeding on claims alleging excessive force in violation of the Fourteenth Amendment against defendants Walburn, Pikney and Shelgreh (defendants), employees of the Solano County Sheriff's Office. The claims arise from actions taken while plaintiff was being booked into the Solano County Jail.

Defendants move to dismiss for failure to exhaust administrative remedies. Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."

The exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). In order to "properly exhaust" administrative remedies the prisoner must

/////

1

generally comply with department procedural rules throughout the administrative process. Jones v. Bock, 218 U.S. 199, 218 (2006).

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), the Ninth Circuit described when dismissal of a complaint for failure to exhaust administrative remedies is appropriate under Rule 12(b)(6). Specifically, the court found that dismissal is only appropriate when failure to exhaust is "clear from the face of the complaint" and that "such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint."

In his complaint, plaintiff admits that there were administrative remedies available at the Solano County Jail while plaintiff was there and that he did not pursue them. Plaintiff claims he did not utilize the grievance process because correctional officers were "giving me a hard time," "treating me unfairly," and "were mad because I was filing a lawsuit."

Fear of retaliation is a valid basis for rendering a prisoner grievance process effectively unavailable for purposes of 42 U.S.C. 1997(e)(a) if a plaintiff points to facts suggesting that "a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015). Plaintiff's allegations do not rise to this level.

In light of the foregoing, the court will recommend that defendants' motion to dismiss be granted and plaintiff's complaint dismissed without prejudice.[1] Because plaintiff did not indicate in his opposition to defendants' motion to dismiss, a motion for leave to file an amended complaint or elsewhere that plaintiff can, in good faith, point to facts suggesting the grievance

/////

---

[1] Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003), dismissal of a claim without prejudice is the proper remedy when a district court concludes a prisoner has not exhausted administrative remedies as to the claim.

2

process at the Solano County Jail was effectively unavailable to plaintiff out of fear of retaliation or otherwise, leave to amend will not be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 29) be granted;
2. Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action; and
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 9, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rive0622.exh

3